## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**FILED**

FEB 0 6 2023

*signature*
FORREST COUNTY CIRCUIT CLERK

**JAMES HUGHES, INDIVIDUALLY AND ON
BEHALF OF CHLOE HUGHES AND ALL
OTHER HEIRS-AT-LAW AND WRONGFUL
DEATH BENEFICIARIES OF COREY
MAURICE HUGHES, DECEASED**                                    **PLAINTIFFS**

**VS.**                                    **CAUSE NO.:** 23-17

**FORREST COUNTY, MISSISSIPPI; AND
JOHN DOES 1-10**                                    **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW the Plaintiff, James Hughes, individually and on behalf of Chloe Hughes and all other heirs-at-law and wrongful death beneficiaries of Corey Maurice Hughes (also referred to as "Plaintiffs"), by and through counsel, and file this their Complaint against the above-named Defendants In support thereof, the Plaintiffs would respectfully show unto this Court the following:

### I.

### INTRODUCTION

1.       This is a wrongful death action brought as a result of the collective assault, negligence, gross negligence, and reckless disregard for the safety of others by the


EXHIBIT
A

Defendants. The Plaintiffs' claims arise as a direct and proximate consequence of an incident that occurred on or about July 14, 2022, in Forrest County, Mississippi.

2.        This is also a Federal Civil Rights action brought as a result of a violation of, *inter alia*, the Federal, civil, Constitutional, and human rights of Corey Maurice Hughes (also referred to as "Hughes").

3.        On or about July 14, 2022, law enforcement personnel with the Forrest County, Mississippi Sheriff's Department (Doe Defendants 1-10) inflicted unnecessary bodily harm on Hughes through the use of excessive, unreasonable, and unjustifiable force. The act of the Defendants in the use of said force against Hughes, enforced pursuant to an official policy, is so pervasive as to have the impact of custom and usage. As a direct and proximate consequence, Hughes was severely injured and died. It is alleged that certain Federal statutes, to include 42 U.S.C. § 1983 along with certain rights under the Constitutions of the United States of America and the State of Mississippi, were violated. In particular, the Defendants violated Hughes' Fourth Amendment, Eight Amendment, Fourteenth Amendment, and other rights under the United States Constitution. Therefore, the Plaintiffs file this wrongful death action and pray for the result set forth in the following paragraphs.

## II.

### JURISDICTION AND VENUE

4.        This Court has jurisdiction and venue over the parties and this cause of action.

5.        Venue is properly established before this Court in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in Forrest County, Mississippi

## III.

## **PARTIES**

6.      The Plaintiff, James Hughes, is an adult resident citizen of Forrest County, Mississippi.

7.      The Defendant, Forrest County, Mississippi, is an entity organized and existing under and by virtue of the laws of the State of Mississippi. Said County is subject to suit pursuant to the Miss. Code Ann. § 11-46-11 and 42 U.S.C. §1983 and may be served with process of this Court by and through Mr. David Hogan, President of the Forrest County, Mississippi, Board of Supervisors, at 641 North Main Street, Hattiesburg, Mississippi 39401

8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Doe Defendants 1-10 are unknown to the Plaintiffs, who therefore sue said Defendants by such fictitious names. The Plaintiffs are informed and believe, and therefore allege, that each of the Defendants designated as Doe Defendants is responsible in some manner for the events and occurrences referred to in this Complaint, and/or owes money to the Plaintiffs. The Plaintiffs will ask leave of the Court to amend this Complaint and insert the true names and capacities of Doe Defendants 1-10, when the same have been ascertained, and to join said Defendants in this action.

## IV.

## **FACTS**

9.      On July 14, 2022, the Forrest County Sheriff's Department was called to the home of Hughes' sister in order to transport Hughes, an individual of known mental infirmity, to a local hospital for mental health treatment. Prior to this call, the Forrest County Sheriff's Department was familiar with Hughes, having been called to his home

for transport on approximately sixteen (16) previous occasions. Having extensive experience with Hughes, the Forrest County Sheriff's Department was aware that when Hughes was unmedicated they needed to take special precautions with him. Also, Hughes' various family members were known to the Forrest County Sheriff's Department and were at all times ready, willing, and able to assist with Hughes

10.      Upon arriving at Hughes' sister's home, Forrest County Sheriff's Department deputies attempted to physically restrain Hughes for transport. During the course of restraining Hughes, a Forrest County Sheriff's deputy determined he would use deadly force against Hughes, a mentally ill individual, and discharged his firearm striking Hughes in his torso and head. Hughes subsequently died as a result of the use of deadly force by said Sheriff's deputy.

11.      The use of deadly force was clearly unnecessary, considering the fact that Sheriff's deputies were called to Hughes' sister's home for the purpose of transporting Hughes for mental health care, such deputies knew of Hughes' mental infirmity, and that said deputies knew Hughes would need to be restrained. Further, Sheriff's deputies knew Hughes' family members and other law enforcement officers were available for assistance. It is asserted that the subject Sheriff's deputies failed to act with the degree of training, knowledge, and experience of reasonably trained and/or qualified officers in the restraint of a mentally ill individual.

12.      As a direct and proximate result of the use of deadly force by a Forrest County Sheriff's deputy, Hughes suffered fatal injuries.

13.      The Doe Defendant law enforcement officers violated Hughes' Fourth Amendment and Fourteenth Amendment Constitution rights by the use of deadly force, conducting an illegal seizure of Hughes, and denying him his right to due process. The Doe Defendant officers' use of deadly force and seizure were not pursuant to Hughes

being an imminent threat to himself or anyone else. The Doe Defendants' actions were not objectively or subjectively reasonable.

14.    During all relevant times, the Doe Defendant officers were present and on the subject scene in dealing with Hughes. However, the Doe Defendant officers, or at least one such individual, failed to intervene to prevent the deprivation of Hughes' rights.

15.    At all relevant times, Hughes did not threaten to harm anyone. At all relevant times, the Doe Defendant officers were not in imminent fear of being harmed. The detainment, shooting, and harm to Hughes were objectively unreasonable. Further, the shooting and detainment of Hughes was an excessive use of force.

16.    The Doe Defendant officers deprived Hughes of his Constitutional rights under the Fourth and Fourteenth Amendment by using lethal force, unreasonable physical force, and/or restraining the life and liberty of Hughes.

17.    The Doe Defendants collectively owed a duty of care to Hughes, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances. The Doe Defendant officers' actions were done in reckless disregard to the safety and well-being of Hughes.

18.    The Doe Defendants' actions breached the duty of care owed to Hughes, and were the sole, proximate cause of the damages to and ultimate death of Hughes.

19.    As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Hughes was deprived of various constitutional rights. As a direct and proximate result of the acts of Defendants, Hughes suffered injuries and damages, including, but not limited to:

        a.    Violation of his Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

    b.   Loss of his physical liberty;

    c.   Intentional, offensive contact with his body, and

    d.   Loss of his life.

20.    At all relevant times, the Doe Defendant officers were acting under color of law and under color of authority as law enforcement officers, employees, and agents of the Forrest County Sheriff's Department, and as agents of Forrest County, Mississippi, and the State of Mississippi.

## V.

## CLAIMS FOR RELIEF

## NEGLIGENCE

21.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

22.    At the time and on the occasion in question, the Doe Defendant officers, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law. Specifically, the Doe Defendant officers and other officers of the Forrest County Sheriff's Department possessed the duty to keep Hughes and others reasonably safe, to avoid reasonable harm to Hughes, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. The Doe Defendants breached their duty of care by not keeping Hughes reasonably safe and free from harm.

23.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Doe Defendants, individually, jointly, and severally, resulted in Hughes' and/or the Plaintiffs' damages.

**GROSS NEGLIGENCE**

24.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

25.    The actions of the Doe Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Hughes.

26.    The Doe Defendant officers and other members of the Forrest County Sheriff's Department had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of Hughes herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, the Plaintiffs are entitled to the recovery of punitive damages.

27.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Doe Defendants resulted in Hughes' and/or the Plaintiffs' damages.

**NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING, AND CONTROL**

28.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

29.    At the time and on the occasion in question, the Defendant, Forrest County, Mississippi, and other officers with the Forrest County Sheriff's Department, were negligent in hiring, retaining, supervising, training, and/or controlling their employee(s), servant(s), and/or agent(s), who assaulted and killed Hughes.

30.    The Defendant, Forrest County, Mississippi, had a duty to exercise ordinary care in the hiring, supervision, and training of its employees, particularly regarding matters involving excessive force and the treatment and handling of mentally

compromised individuals. The Defendant breached that duty in the following respects, among others:

        (a)     failing to adequately train employees, agents, or servants;

        (b)     failing to properly supervise employees, agents, or servants;

        (c)     failing to comply with laws, rules, statutes, standards, and regulations regarding arrests, and;

        (d)     other acts of negligent hiring, retention, supervision, training, and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant proximately caused Hughes' and/or the Plaintiff's damages.

## RES IPSA LOQUITUR

31.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

32.     At all pertinent times, the Defendant, Forrest County, Mississippi, was in the sole and complete control of Hughes and the personnel who had a duty to protect him. The Defendant negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by ensuring that the proper supervision, experience, training, and measures were in place to avoid the resulting damages.

33.     The Defendant was presented with an available opportunity to avoid the resulting incident. The Defendant, however, failed to exercise such control over its personnel to prevent Hughes' and/or the Plaintiffs' damages.

34.     The duty of care owed to Hughes was, therefore, breached by the Defendant.

35.     The manner of damage to Hughes' person is the type of event that does not ordinarily occur in the absence of negligence.

36.     The act(s) and/or omission(s) of the Defendant, under the present set of circumstances, provides an inference of negligence of the part of the Defendant so as to establish a *prima facie* case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against the Defendant and/or its agents.

37.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant proximately caused the damages and injuries sustained by Hughes and/or the Plaintiffs.

## RECKLESS DISREGARD

38.     The Plaintiffs re-allege and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein

39.     The act(s) and/or omission(s) of the Doe Defendants, in both their official and individual capacities, constituted a reckless disregard for the rights and safety of Hughes. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of Hughes as defined under Mississippi law

40.     The act(s) and/or omission(s) of the Doe Defendants were a proximate cause as to the injuries and damages sustained by Hughes and/or the Plaintiffs.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR (MTCA)

41.     The Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

42.     Upon information and belief, the Doe Defendant officers involved in this matter were employee(s), servant(s), and/or agent(s) of the Forrest County Sheriff's Department and Forrest County, Mississippi. Thus, the principal Defendant, Forrest County, Mississippi, is vicariously liable for the actions of its employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

## AGENCY (MTCA)

43.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein.

44.     At the times material hereto, the Doe Defendant officers and other members of the Forrest County Sheriff's Department were in the course and scope of their employment and acted in furtherance of the interest of the Forrest County Sheriff's Department and/or Forrest County, Mississippi.

45.     The Doe Defendant officers and other officers and employees of the Forrest County Sheriff's Department were apparent agents acting within their actual or apparent authority of Forrest County, Mississippi; therefore, the Defendant, Forrest County, Mississippi, is liable for the actions of its employee(s) and statutory employee(s)/agent(s)

## ASSAULT

46.     The Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

47.    The acts(s) and/or omission(s) of the Doe Defendants, in both their official and personal capacities, establish that the Doe Defendant officers committed a civil assault. Hughes' reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Doe Defendants officers' overt acts of shooting, beating, or striking Hughes constituted a threat or menace to Hughes. The Doe Defendant officers, and other agents of the Forrest County Sheriff's Department, presented the apparent ability to inflict threatened harm and physical injury upon Hughes and established that the Defendants committed a civil assault.

48.    The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by Hughes and/or the Plaintiffs.


### BATTERY

49.    The Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

50.    The acts(s) and/or omission(s) of the Doe Defendant officers, in both their official and personal capacities, establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of Hughes caused by the act(s) of the Defendants, whether directed at Hughes personally or at a third party. The Doe Defendant officers committed civil battery upon Hughes by shooting and striking him, thereby causing his death.

51.    The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by Hughes and/or the Plaintiffs.

### THE COMMON LAW TORT OF OUTRAGE

52.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

53.    The Doe Defendants' overall conduct on the date in question was so outrageous that it shocked the moral and legal conscience of the community. This outrageous conduct resulted in Hughes' injuries and death. The manner, method, and design of the Doe Defendants' conduct amounted to a cold, callous, premeditated abuse of legal authority.

54.    As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, the Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## WRONGFUL DEATH

55.    The Plaintiffs re-allege and hereby incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

56    Pursuant to Miss. Code Ann. § 11-7-13, whenever the death of any person shall be caused by any real, wrongful, or negligent act or omission, such entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Hughes' death was caused by the tortious acts of the Defendants. Therefore, Hughes' Estate, or other interested party, should be able to maintain an action and recover damages from the Defendants.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983
### (General Allegations)

57.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

58. In committing the acts complained of herein, the Defendants acted under color of state law to deprive Hughes of certain protected rights under the Constitution of the United States.

59. At all times material hereto, the Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

60. Consequently, while acting under the color of the law, the Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Hughes were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Hughes, thus causing him certain injuries which resulted in his death As a direct and proximate consequence of the Defendants' actions, Hughes was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of the United States.

61. In light of the circumstances confronted by the Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Doe Defendant officers acted maliciously by using force and physical violence designed and intended to cause Hughes physical, mental, and emotional harm, pain, humiliation, and/or injury The Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Hughes was left in.

62. The conduct and actions of the Defendants, acting in concert and under color of law, in authorizing, directing and/or causing Hughes to be improperly shot, detained, assaulted, and beaten was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or

reason, and was designed to and did cause specific and serious physical pain and death in violation of Hughes' rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

63.    As a direct and proximate result of the violation of his Constitutional rights by the Defendants, Hughes suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

64.    The conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983

### (*MONELL* CLAIM AGAINST DEFENDANT, FORREST COUNTY, MISSISSIPPI)
### (Failure to Implement Appropriate Policies, Customs and Practices)

65.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.    The Defendant, Forrest County, Mississippi (also referred to in this and the following section as "County Defendant") directly caused the Constitutional violations suffered by the Plaintiffs and the decedent, and is liable for the damages suffered by the Plaintiffs and decedent as a result of the conduct of County Defendant and its officers. The conduct of the County Defendant's officers was a direct consequence of policies and practices of the County Defendant and/or the Forrest County Sheriff's Department.

67.    At all times relevant to this Complaint, County Defendant, acting through the Forrest County Sheriff's Department, had in effect policies, practices, and customs that

condoned and fostered the unconstitutional conduct of the Doe Defendant officers, and

were a direct and proximate cause of the damages and injuries complained of herein.

68.    At all times relevant to this Complaint, County Defendant, acting through

the Forrest County Sheriff's Department, and through the Doe Defendant officers, had

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the

violation of individual's Constitutional Rights. Upon information and belief, County

Defendant, acting through the Forrest County Sheriff's Department, planned and

implemented a policy, practice, custom and usage of excessive force, obstruction of justice,

among other things, using excessive force against private citizens, and discouraging

officers from reporting the misconduct of other officers. In connection with the events

complained of herein, County Defendant consciously disregarded the illegality and

unconstitutionality of the Doe Defendant officers' actions. These policies, practices,

customs, and usages were a direct and proximate cause of the unconstitutional conduct

alleged herein.

69.    The County Defendant knew or should have known  of  the Doe

Defendant officers' propensity to engage in misconduct of the type alleged herein.

70.    It was the policy and/or custom of County Defendant to inadequately and

improperly investigate the Doe Defendant officers' misconduct, and acts of misconduct

were instead tolerated, ignored and actually sanctioned by the Forrest County Sheriff's

Department by the mere act of not adequately reprimanding the Defendant officers, and

failing to report such misconduct or follow-up with the appropriate authorities.

71.    It was the policy and/or custom of the County Defendant to inadequately

train, supervise, and discipline its officers/deputies, including the Doe Defendant officers,

thereby failing to adequately discourage further Constitutional violations on the part of its

officers. County Defendant did not require appropriate in-service training or re-training of

officers to ensure they were qualified in the use of force, contact with and handling of mentally compromised individuals, detainment, and the reporting of illegal conduct.

72.     As a result of the above-described policies and customs, among other things, County Defendant, including the Doe Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

73.     The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of the policymakers of County Defendant to the Constitutional rights of persons within Forrest County, Mississippi, and were the direct and proximate cause of the violation of the rights of Hughes.

74.     County Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, allowed employees of the Forrest County Sheriff's Department to improperly shoot, assault, and engage Hughes and allowed employees of the Forrest County Sheriff's Department to cover up illegal conduct.

75.     The failure of the County Defendant, including the Forrest County Sheriff's Department, to adequately train and supervise its officers amounts to a deliberate indifference to the rights of Hughes to be free from excessive force, among other things, under the Constitution of the United States.

76.     Upon information and belief, the County Defendant has a custom and/or pattern of allowing similar actions of this nature. The County Defendant has a history and/or pattern of allowing similar conduct from its officers. The County Defendant has not taken the proper action to stop incidents of this nature. The County Defendant allowed Doe Defendant officers to remain employed as officers after assaulting Hughes and causing his death.

77.     In committing the acts complained of herein, the Defendants acted under color of state law to deprive Hughes, as alleged herein, of certain Constitutionally protected rights. Thus, Hughes and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

78.     The County Defendant caused the Constitutional violations suffered by the Plaintiffs and the decedent, and is liable for the damages suffered by the Plaintiffs and the decedent as a result of the conduct of the County Defendant's officers. The conduct of the County Defendant's officers was a direct consequence of policies and practices of the County Defendant.

79.     At all times relevant to this Complaint, the County Defendant, acting through the Forrest County Sheriff's Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the Doe Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

80.     At all times relevant to this Complaint, the County Defendant, acting through the Forrest County Sheriff's Department, and through the Doe Defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights. Upon information and belief, the County Defendant planned and implemented a policy, practice, custom of obstruction of justice, among other things, and discouraged officers from reporting the misconduct of other officers, and failed to intervene and prevent the unconstitutional actions of the Doe Defendants. In connection with the events complained of herein, the County Defendant consciously disregarded the illegality and unconstitutionality of the Doe Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

81.     The County Defendant knew or should have known of the Doe Defendant officers' propensity to engage in misconduct of the type alleged herein.

82.     It was the policy and/or custom of the County Defendant to inadequately and improperly investigate the Doe Defendant officers' misconduct, and acts of misconduct were instead tolerated and/or ignored.

83.     It was the policy and/or custom of the County Defendant to inadequately train, supervise, and discipline its officers, including the Doe Defendant officers, thereby failing to adequately discourage further Constitutional violations on the part of its officers.

84.     As a result of the above-described policies and customs, among other things, the County Defendant, including the Doe Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

85.     The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of the County Defendant to the Constitutional rights of persons within Forrest County, Mississippi, and were the direct and proximate cause of the violation of the rights of Hughes.

86.     The County Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, failed to intervene to prevent employees of the Forrest County Sheriff's Department from illegally shooting and assaulting Hughes.

87.     The failure of County Defendant to adequately train and supervise the Doe Defendant officers amounts to a deliberate indifference to the rights of Hughes to be free from bodily harm and excessive force, among other things, under the Constitution of the United States.

88.     Upon information and belief, the County Defendant has a custom and/or pattern of allowing similar actions of this nature. The County Defendant has a history and/or pattern of allowing similar conduct from its officers or employees. The County Defendant has not taken the proper action to stop incidents of this nature.

89.     In committing the acts complained of herein, the Defendants acted under color of state law to deprive Hughes, as alleged herein, of certain constitutionally protected rights. Thus, Hughes and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983
### (Refusing or Neglecting to Prevent)

90.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

91.     At all times relevant to this Complaint, the Doe Defendant officers acted as agents of the County Defendant, and were acting under the direction and control of the Forrest County Sheriff's Department.

92.     At all times relevant to this Complaint, the Defendant officers acted as agents of the Forrest County Sheriff's Department and were acting under the direction and control of said law enforcement agency.

93.     Acting under color of law and pursuant to official policy or custom, the County Defendant knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Doe Defendant officers in their duties to refrain from:

(a) unlawfully and maliciously injuring or killing a citizen who was acting

in accordance with his Constitutional and statutory rights, privileges, and

immunities;

(b) conspiring to violate the rights, privileges, and immunities guaranteed

to Hughes by the Constitution and laws of the United States and the laws

of the State of Mississippi; and

(c) otherwise depriving Hughes of his Constitutional and statutory rights,

privileges, and immunities.

94.     The County Defendant had knowledge or, had it diligently exercised its

duties to instruct, supervise, control, and discipline on a continuing basis, should have had

knowledge that the unlawful acts, as heretofore alleged, were about to and likely would be

committed. The County Defendant had the power to prevent or aid in preventing the

commission of said wrongs, could have done so by reasonable diligence, and knowingly,

recklessly, or with gross negligence failed or refused to do so.

95.     The County Defendant directly or indirectly, under color of law, approved

and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Doe

Defendant officers heretofore described.

96.     As a direct and proximate cause of the negligent and intentional acts of the

County Defendant as set forth above, Hughes suffered physical injury and the loss of his

life in connection with the deprivation of his Constitutional and statutory rights guaranteed

by the Fourth, and Fourteenth Amendments of the Constitution of the United States and

protected by 42 U.S.C. § 1983.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983
### (Failure to Intervene)

97.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

98.    At all times material hereto, the Defendants had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

99.    At all times material hereto, the Defendants were deemed with the responsibility and authority of intervening while certain Forrest County Sheriff's Department officers assaulted and inflicted grievous bodily harm upon Hughes, without probable cause or justification.

100.    Consequently, the Defendants breached the duty owed to Hughes. The Defendants' breach was the proximate cause of the injuries and damages sustained by Hughes and/or the Plaintiffs. Furthermore, the Doe Defendant officers' actions and/or omissions violated Hughes' Constitutional rights which led to the injuries and death alleged in this Complaint.

## VI.

## DAMAGES

101.    The Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint as if set forth herein in their entirety.

102.    The Plaintiff, James Hughes, individually and on behalf of Chloe Hughes and all heirs-at-law and wrongful death beneficiaries of Corey Maurice Hughes, prays for judgment against the Defendants, as follows:

    a.    For damages to be determined by a jury, and in an amount

adequate to compensate the Plaintiffs for all the injuries and damage

sustained;

b   For all general and special damages caused by the unlawful conduct of

the Defendants;

c.  For the costs of litigating this case;

d.  For punitive damages sufficient to punish the Defendants for their

egregious conduct and to deter the Defendants from ever repeating such

atrocities; and

e.  For all other relief to which the Plaintiffs assert they are entitled by

Mississippi and Federal law.

The Plaintiffs reserve the right to amend and state further with respect to their

damages

## VII.

### JURY TRIAL DEMANDED

103.    The Plaintiffs demand a jury trial.


**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray that upon

a jury trial hereof they be entitled to take, have, and recover, of and from said Defendants

attorney's fees and the above-listed damages, including actual, economic, non-economic,

compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of

Court, and for such other and further relief to which they may show themselves to be justly

entitled.

Dated:    January 30, 2023

Respectfully submitted,

**JAMES HUGHES, INDIVIDUALLY AND ON BEHALF OF CHLOE HUGHES AND ALL OTHER HEIRS-AT-LAW AND WRONGFUL DEATH BENEFICIARIES OF COREY MAURICE HUGHES, DECEASED**

BY _/s/_ Dennis C. Sweet, III
      Dennis C. Sweet, III

**Of Counsel:**

Dennis C. Sweet, III (MSB # 8105)
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone:  601-965-8700